UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERNEST A. HOCHSTETLER and<br>ROSETTA A. HOCHSTETLER<br><br>Plaintiffs<br><br>v.<br>FEDERAL HOME LOAN<br>MORTGAGE CORPORATION<br>(FREDDIE MAC) and<br>WELLS FARGO, N.A.<br><br>Defendants. | Civil Action No. 3:12-CV-772-JVB |

**OPINION AND ORDER**

A. PROCEDURAL AND FACTUAL BACKGROUND

On December 21, 2010, Federal Home Loan Mortgage Corporation (Freddie Mac) filed a foreclosure action in Elkhart Superior Court against Ernest and Rosetta Hochstetler. (Defs. Ex. B, DE 7 at 18.) On June 17, 2011, the Court entered a default judgment against the Hochstetlers in the amount of $168,230.54. (Default J. Entry and Decree of Foreclosure, DE 7 at 44.) Freddie Mac then requested a sheriff sale. However, the sheriff sale was returned unsatisfied. (Defs. Ex. A, DE 7 at 7.) Finally, between the fourth and fifth orders for a sheriff sale, the Hochstetlers (Plaintiffs) filed suit in this court against Freddie Mac and Wells Fargo, NA (collectively "Defendants").

Plaintiffs claim that the mortgage note is void because Defendants violated the Fair Debt Collection Practices Act and the Truth in Lending Act, committed fraud, and engaged in *ultra vires* activities. They also seek damages for the emotional distress caused by Defendants' activities.

1

In response to these claims, Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the *Rooker-Feldman* doctrine. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). Defendants submit that all of Plaintiffs' claims are inextricably intertwined with the mortgage foreclosure judgment of the state court. Plaintiffs did not respond to the motion to dismiss.

## B. PLAINTIFFS' CLAIMS

Plaintiffs' Complaint[1] argues that the foreclosure judgment should be overturned because the mortgage note is invalid, Defendants committed *ultra vires* actions, and those actions were fraudulent.[2]

### (1) *Validity of the Mortgage Note*

Plaintiffs first claim that before their home was foreclosed Defendants never showed adequate proof that they were the holders of the mortgage. (Compl., at 2.) They assert that Defendants only provided "unverified" copies of the mortgage. (*Id.* at 7, 10.) Therefore, according to Plaintiffs, Defendants never properly verified their debt before the foreclosure action. They claim that by attempting to collect on an "unverified" debt, Defendants violated § 1692g(b) of the Fair Debt Collection Practices Act (FDCPA). (*Id*. at 10, 20.)[3]

---

[1] Plaintiffs' first filing was titled *Motion to Stop Sale of Home*. (Compl., DE 1 at 1.) The Court construes this document as the Complaint.
[2] Plaintiffs allege that this action falls under 42 U.S.C. § 1983. However, Plaintiffs never specify which constitutional rights Defendants abridged nor attack any federal statutes. Moreover Plaintiffs do not make any claims against state actors, nor allege that Defendants acted in concert with state actors, a prerequisite for filing an appropriate § 1983 claim. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999).
[3] The FDCPA is codified at 15 U.S.C. § 1692.

Plaintiffs also allege that no loan was in fact created because Defendants never exchanged anything of value for the mortgage. They claim that Defendants simply created a "checkbook deposit." (*Id*. at 22, 27.) They also allege that without valuable consideration the mortgage is void, relieving them of any obligation to pay on it. (*Id.*)

**(2) Ultra Vires** *Claims*

Plaintiffs also allege that creating the mortgage was an *ultra vires* action and thus void. They argue that Defendants' attempts to collect on the void note violated § 1692e(2)(A) of the FDCPA. (*Id*. at 5, 20.)

According to Plaintiffs, creating a 30-year mortgage is an *ultra vires* action because the National Bank Act restricts mortgages to five-year periods. (*Id*. at 16, 22.) ("[A bank] shall not . . . hold the title and possession of any real estate purchased to secure debts due to it for a longer period than five years." (*Id.* at 16) (quoting 13 Stat. 107-108, codified at 12 U.S.C. § 29).

Second, Plaintiffs allege that Defendants engaged in an *ultra vires* action by converting the mortgage into a different financial instrument. However, they are unclear about what happened to the mortgage. In one part of the complaint they allege that the "Note" was "converted into a bond." (*Id*. at 20.) But in another part of the complaint, they assert that Defendants "cannot convert the exchange of my bonds for a property into a loan" and then ask, "[w]ho converted the bond into a loan?" (*Id*. at 11, 23.) They allege this conversion materially altered the mortgage without their consent. (*Id*. at 11, 22, 23.)

**(3)** *Fraud and Other Claims*

Plaintiffs also assert a claim for fraud. They claim that Defendants "materially altered [the] note with the intent to defraud [them] . . . which induced [them] to be responsible for the contract upon terms and conditions other than agreed upon." (*Id*. at 21.) However, they do not specifically state which terms of the note were actually altered.

Plaintiffs also allege that Defendants violated the Truth in Lending Act,[4] because they were "under the impression that through conveying, a note that there was a lawful exchange taking place." (*Id*. at 21, 22.)

Finally Plaintiffs make an undeveloped claim for intentional infliction of emotional distress, pain and suffering, and mental duress caused by the foreclosure action. (*Id*. at 27.) They seek $325,000 in damages but allege no other facts supporting the claim. (*Id.*)

**C. MOTION TO DISMISS**

Defendants responded to Plaintiffs' Complaint by filing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. They assert that Plaintiffs' claims are "a list of grievances" against the judgment of the state court, which this Court cannot review under the *Rooker-Feldman* doctrine. Additionally, they contend that any relief granted by this Court would undermine the legal conclusion reached by the state court and overturn its judgment. Therefore, they urge that all claims be dismissed.

**(1)** *Applicable Law*

In ruling on a Rule 12(b)(1) motion this Court "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v.*

---

[4] The Truth in Lending Act is codified at 15 U.S.C. § 1601 et seq. Pursuant to that authority the Board of Governors of the Federal Reserve System promulgated Regulation Z codified at 12 C.F.R. § 226.

4

*FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). In evaluating whether subject matter jurisdiction exists, the Court may look past the complaint to "whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). Because this complaint was filed *pro se*, the claims "should be liberally construed." *Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006). As long as the Court can "see what the *pro se* litigant is driving at, that is enough." *Id.*

The *Rooker-Feldman* doctrine is a narrow rule that limits federal jurisdiction over claims filed in state courts. A federal court cannot hear claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*. 544 U.S. 280, 284 (2005). The doctrine respects the authority of Congress which "granted appellate review of state court judgments only to the Supreme Court." *Gilbert v. Ill. State Bd. of Educ*. 591 F.3d 896, 900 (7th Cir. 2010); *see* 28 U.S.C. § 1257. District courts cannot "reverse or modify a state court judgment—even if that judgment is wrong." *Kamilewicz v. Bank of Bos. Corp.* 92 F.3d 506, 510 (7th Cir. 1996).

The focus of *Rooker-Feldman* is the relief sought by a plaintiff. If a plaintiff seeks to remedy an injury caused by the state court judgment, *Rooker-Feldman* applies. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). If the remedy sought is "distinct" from the state court judgment, *Rooker-Feldman* does not apply. *Id.* (quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701–02 (7th Cir. 1998)). The crux of the matter is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Kamilewicz*, 92 F.3d at 510. A plaintiff's federal claim may even contradict

5

the legal conclusion of a state court judgment as long as the claim is independent. *GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993).

The scope of the *Rooker-Feldman* doctrine extends beyond claims that were actually raised in state court to those that are "inextricably intertwined" with the main claim raised in state court. Whether a claim is "inextricably intertwined" is limited by whether the plaintiff had a reasonable opportunity to raise that claim in state court. *See Long*, 182 F.3d at 557. Failure to raise a claim in state court "may forfeit [a plaintiff's] right to obtain review of the state court decision in any federal court." *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983). A plaintiff lacks a reasonable opportunity to raise a claim only if state court procedures have erected an impenetrable barrier that "litigants are incapable of overcoming in order to present certain claims to the state court." *Id.*

### D. ANALYSIS

In applying the *Rooker-Feldman* doctrine, this Court examines three points: (1) whether Plaintiffs lost in state court through a judgment issued before they filed their action in federal court; (2) whether they had a reasonable opportunity to raise their claims in state court; (3) whether the claims raised in the complaint are independent of the state court judgment.

Plaintiffs both lost in state court when the Elkhart Superior court issued its *Default Judgment* foreclosing on their home and had a reasonable opportunity to raise all of the claims alleged in the complaint at the state court level. Foreclosure actions are essentially equitable in nature, and trial courts have full discretion to fashion equitable remedies that are complete and fair to all parties involved. *City Sav. Bank v. Eby Const., LLC*, 954 N.E.2d 459, 464 (Ind. Ct. App. 2011). "As a general rule, any defense that shows that the mortgagee is not entitled to foreclose may be

set up in an action to foreclose." *Ind. Law Encyclopedia* § 105. The debtor simply must connect the defense to the foreclosure action. *See, e.g.*, *Otto v. Park Garden Assocs.*, 612 N.E.2d 135, 140 (Ind. Ct. App. 1993) (rejecting fraud claim because the facts were not connected to the foreclosure action). All of Plaintiffs' claims are connected to the foreclosure action because they attack the validity of the underlying mortgage note or the validity of the foreclosure process.

The third prong of the test requires a more detailed analysis. This Court must determine whether the claims asserted by Plaintiffs are independent of the state court judgment.

**(1)** *Plaintiffs' Claims that Are Not Independent of the State Court Judgment*

Plaintiffs argue that Defendants created an invalid mortgage and therefore had no legal right to collect money on the property or foreclose on the property. They ask for a refund of all money paid on the note and for a judgment granting them ownership of their house.

In order to grant a refund of the money paid on the Mortgage, this Court must overturn or adjust the default judgment of the state court. The state court granted Defendants a judgment of $168,230.54, which was the balance left on the principal plus interest owed. Ordering Defendants to pay back Plaintiffs and to give them their house back would require overturning the foreclosure judgment of the state court.

Therefore, the *Rooker-Feldman* doctrine prevents this Court from granting Plaintiffs' requested relief because it would require this Court to "set aside" the state court judgment. The claims attacking the validity of the mortgage note are inextricably intertwined with the claims brought to the state court below. The proper way to challenge the state court's judgment was through an appeal to the Indiana Court of Appeals.

**(2)** *Plaintiffs' Claims Not Prohibited by* **Rooker-Feldman** *but Which Fail to State a Claim*

Plaintiffs' claims made under the Fair Debt Collection Practices Act, the Truth in Lending Act, and for intentional infliction of emotional distress pass the *Rooker-Feldman* bar because they assert independent claims for relief. But these allegations fail to state a claim for which relief can be granted. This Court has the ability to dismiss claims on its own motion as long as the losing party has the ability to "cure the defect in the complaint or to respond." *Pourghoraishi v. Flying J, Inc*., 449 F.3d 751, 765 (7th Cir. 2006).

Plaintiffs' claims made under the Fair Debt Collection Practices Act (FDCPA) pass the *Rooker-Feldman* bar. The FDCPA provides a form of relief that can be granted without setting aside the judgment of foreclosure. The FDCPA in § 1692k provides relief for damages as allowed at common law, additional damages up to $1,000, and court costs. Thus, as long as the alleged violations of the FDCPA were complete before the state court judgment, this Court would be able to provide relief for those violations. *Long*, 182 F.3d at 556. The claims also allege injury before the foreclosure action. As a result this Court cannot dismiss these claims pursuant to the *Rooker-Feldman* doctrine.

However, all FDCPA claims would fail a Rule 12(b)(6) motion to dismiss because nothing in the complaint actually establishes that Defendants are in fact a debt collector. Title 15 U.S.C. § 1692a(6) defines a creditor as "any person . . . who offers or extends credit creating a debt or to whom debt is owed." The term debt collector only includes entities whose "principal purpose is the collection of . . . debts." It does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity. . . concerns a debt which was not in default at the time it was obtained by such person." *Id*. at § 1692a(6)(F). In this action, Wells Fargo cannot be a debt collector, because it was the original

8

creditor as evidenced by its name on the mortgage. (Defs. Ex. E, DE 7 at 24.) Additionally, nothing in the complaint establishes that Freddie Mac started to collect on the debts after the Hochstetlers were in default. Therefore, the FDCPA claims do not apply to Freddie Mac either.

Plaintiffs' claims under the Truth in Lending Act (TILA) also pass the *Rooker-Feldman* test. TILA provides an independent remedy making the creditor liable to the debtor for illegal acts that cause "any actual damage." 15 U.S.C. § 1640(a)(1). Second, debtors may also claim "twice the amount of any finance charge in connection with the transaction." *Id.* (a)(2)(A). Plaintiffs alleged that Defendants misrepresented the terms of the mortgage before the signing of the mortgage. Therefore, this claim cannot be denied under Rule 12(b)(1).

However, the TILA claim fails to meet Rule 8 pleading standards. Rule 8 requires that Plaintiffs provide a short and plain statement of the type of relief sought. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Plaintiffs do not specifically allege the contents of the loan that violate TILA nor the precise sections.

Finally, this Court has supplemental jurisdiction to consider Plaintiffs' claim for intentional infliction of emotional distress because the claim forms part of the same controversy as the federal claims. 28 U.S.C. § 1367(a). The claim also passes the *Rooker-Feldman* test because it asserts a claim for relief outside the scope of the state court judgment. However, they simply make a claim for damages without pleading any specific facts that support their claim. Their claim does not rise "above the speculative level" and thus does not comply with Rule 8 pleading standards.

**E. CONCLUSION**

Defendants' Motion to Dismiss under the *Rooker-Feldman* doctrine is granted as to Plaintiffs' requests for relief from the foreclosure judgment and for a refund of all payments made to Wells Fargo and Freddie Mac.

The Court sua sponte dismisses Plaintiffs' claims made under the Fair Debt Collection Practices Act, the Truth in Lending Act, and for intentional infliction of emotional distress pursuant to Rule 12(b)(6). However, Plaintiffs are given 30 days from the date of this order to amend their complaint to properly state claims on the above mentioned grounds, if they so wish.

**SO ORDERED** on July 16, 2013.

    s/ JOSEPH S. VAN BOKKELEN
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE